IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TYRONE WOMACK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 119-104 |
| | ) | |
| SCOTT WILKES, Former Warden, ASMP; | ) | |
| MS. MCGREE, Former Warden of Security, | ) | |
| ASMP; MS. BUSSEY, Former Warden of | ) | |
| Care and Treatment, ASMP; MS. ROBERT, | ) | |
| Former Warden of Administration, ASMP; | ) | |
| MS. YOUNG, Director of Mental Health, | ) | |
| ASMP; DR. ALSTON, Medical Director, | ) | |
| ASMP; SGT. ROSS, Head of CERT, ASMP; | ) | |
| OFFICER ADDERLY; and JOHN DOE 2, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, currently incarcerated at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

**I.      SCREENING OF THE COMPLAINT**

    **A.      BACKGROUND**

Plaintiff names the following Defendants: (1) Scott Wilkes; (2) Ms. Mcgree; (3) Ms. Bussey; (4) Ms. Robert; (5) Ms. Young; (6) Dr. Alston; (7) Sgt. Ross; (8) Officer Adderly;

and (9) John Doe 2.  (Doc. no. 1, p. 4.)  Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On March 24, 2017, inmate Marcus Mitchell, also known as Hercules, attacked and stabbed Plaintiff ten times when he was returning from chow hall.  (Doc. no. 1, p. 7.)  At the time of the stabbing, Plaintiff "had bad cold pills on mental health pills."  (Id.)  When Plaintiff was housed on the medical floor, they would not give him his cold pills.  (Id.)  On March 31, 2017, Plaintiff left the hospital and it took roughly two days before he received any pain pills.  (Id. at 8.)  On April 2, 2017, Plaintiff went to the hospital for a dressing change but was told he was not on the list.  (Id.)  Plaintiff returned to the hospital floor with another inmate to locate the head nurse.  (Id.)  The head nurse gave Plaintiff a dressing change and put him on the regular dressing change schedule.  (Id.)  Plaintiff received only one dressing change.  (Id.)

When Plaintiff left the hospital, he was assigned to a new room and given a new roommate who is a Blood gang member.  (Id. at 9.)  However, because Plaintiff alleges he was recently stabbed by a Blood gang member, he refused to stay with the new roommate and was sent to "the hole."  (Id.)  When Plaintiff went to the hole, his tablet and other belongings were confiscated, but he received no inventory slip.  (Id. at 10.)  As a result, Plaintiff alleges he lost a bag full of books, notes, and his tablet.  (Id.)  Plaintiff wrote numerous grievances concerning his missing tablet and had to buy another tablet.  (Id.)  Shortly after getting out of the hole, Plaintiff went to his counselor and was refunded some of the money for his lost items.  (Id.)  Plaintiff also had to purchase new shoes because they were allegedly taken by a CERT officer when placed in the hole and sent to the GBI lab for processing.  (Id.)

While in the hole, a nurse removed Plaintiff's staples and his body, jaw, and teeth were swollen.  (Id. at 8.)  The nurse informed Plaintiff she requested officers to take him to the

2

hospital floor to get his staples removed, but no officer would escort him.  (Id.)  The doctor told Plaintiff his staples should have been removed within seven to ten days, but some of his staples may have been in place for thirty to fifty days which is why Plaintiff was in so much pain.  (Id.)  Despite this pain, Plaintiff was not given a soft food diet.  (Id. at 9.)  Plaintiff continuously puts in sick calls related to his head, back, neck, and knee pains.  (Id.)  Plaintiff has been considered mentally ill his entire life and was considered such at his previous places of confinement.  (Id. at 11.)  However, once Plaintiff argued with his Mental Health Counselor Ms. Seabrook, he was allegedly no longer considered mentally ill.  (Id.)  Plaintiff alleges he has had a brain tumor for thirteen years and has frequent headaches and spikes where certain parts of his brain feel sore and as if it is bleeding.  (Id. at 12.)  Plaintiff is given "mental health pills" for the pain but they are ineffective.  (Id.)

For relief, Plaintiff requests compensatory damages, punitive damages, and injunctive relief.  (Id. at 6.)

### B.    DISCUSSION

#### 1.    Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

## 2. Plaintiff's Claims Are Time Barred

Plaintiff's claims are subject to dismissal under the statute of limitations applicable in Georgia. State law controls the length of the statute of limitations period in § 1983 actions. Lawson v. Glover, 957 F.2d 801, 803 (11th Cir. 1987); Abreu-Velez v. Board of Regents of

4

Univ. Sys. of Ga., 248 F. App'x 116, 117 (11th Cir. 2007) (*per curiam*).  In Georgia, such claims for injuries to the person must be brought within two years of their accrual.  Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986); Richards v. Cobb County, Ga., 487 F. App'x 556, 557 (11th Cir. 2012) (*per curiam*); O.C.G.A. § 9-3-33.  Although state law determines the applicable statute of limitations period for claims under § 1983, federal law determines the date of accrual.  See Brown v. Georgia. Bd. of Pardons & Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003); Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996).  Under § 1983, a claim accrues when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights."  Brown, 335 F.3d at 1261 (quoting Rozar, 85 F.3d at 561-62).

Plaintiff knew or should have known of the injuries alleged in his complaint, as well as who injured him, when the events described in his complaint occurred March 24th, March 31st, and April 2, 2017.  Plaintiff dated his complaint July 7, 2019, which was received and filed by the Clerk of Court on July 15, 2019, roughly two years and three months after the last dated alleged event occurred.  (Doc. no. 1, p. 8.)  Thus, Plaintiff's claims are outside of the two-year statute of limitations period and are subject to dismissal.

### 3. Even If the Claims Were Not Time-Barred, Plaintiff Fails to State a Valid Claim against Defendants

The Eleventh Circuit has held a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendant with the purported constitutional violation.  Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal

5

particularity how overt acts of the defendant caused a legal wrong."). Plaintiff alleges no facts regarding Defendants and does not connect Defendants to the events alleged to have occurred. Plaintiff merely adds a named Defendant after each allegation listed in the complaint without explaining how such Defendant is associated with a constitutional violation. Therefore, Plaintiff fails to state a claim against Defendants.

## II.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 28th day of October, 2019, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA