IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TYRONE WOMACK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 119-104 |
| | ) | |
| SCOTT WILKES, Former Warden, ASMP; | ) | |
| MS. MCGREE, Former Warden of Security, | ) | |
| ASMP; MS. BUSSEY, Former Warden of | ) | |
| Care and Treatment, ASMP; MS. ROBERT, | ) | |
| Former Warden of Administration, ASMP; | ) | |
| MS. YOUNG, Director of Mental Health, | ) | |
| ASMP; DR. ALSTON, Medical Director, | ) | |
| ASMP; SGT. ROSS, Head of CERT, ASMP; | ) | |
| OFFICER ADDERLY; and JOHN DOE 2, | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 10.) Although nothing in Plaintiff's objections undermines the Magistrate Judge's recommendations, the Court will briefly address one of Plaintiff's arguments. In his objections, Plaintiff argues he is entitled to equitable tolling of the statute of limitations during the time he exhausted his administrative remedies and because he is mentally incompetent. (Id. at 1-3.)

The Eleventh Circuit has declined to address whether the statute of limitations is tolled while a prisoner exhausts administrative remedies as a mandatory prerequisite for

filing a federal lawsuit. Roger v. Augustine, 760 F. App'x 947, 950 (11th Cir. 2019) (citing Leal v. Georgia Dep't of Corr., 254 F.3d 1276, 1280 (11th Cir. 2001)). However, "[t]he general test for equitable tolling requires the party seeking tolling to prove that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing." Id. (citing Villarreal v. R.J. Reynolds Tobacco Co., 839 F.3d 958, 971 (11th Cir. 2016)). Furthermore, "the petitioner bears the burden of showing equitable tolling is warranted." Salas v. Pierce, 297 F. App'x 874, 877 (11th Cir. 2008) (quoting Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002)).

Even assuming the statute of limitations for Plaintiff's claims should be tolled while he attempted to exhaust administrative remedies, Plaintiff is not entitled to equitable tolling because he has not pursued his rights diligently. In his objections, Plaintiff merely states the Court has generally held the statute of limitations is tolled while a Plaintiff exhausts administrative remedies. (Doc. no. 1, p. 1.) However, Plaintiff provides no dates or details as to his efforts to exhaust his administrative remedies and gives only general information that he filed a grievance with the prison and appealed the adverse decision. (Id.) Plaintiff does not assert any additional information in his complaint or objections to show he has pursued his rights diligently. Accordingly, because Plaintiff provides no dates or details as to his efforts to exhaust his administrative remedies, his claims are not entitled to equitable tolling during the periods he allegedly attempted to exhaust administrative remedies.

Additionally, Plaintiff argues equitable tolling applies because he is mentally incompetent. (Doc. no. 10, pp. 1-3.) Under Georgia law, a plaintiff is entitled to tolling of the applicable statute of limitations during periods when he or she is "legally incompetent

because of intellectual disability or mental illness." O.C.G.A. § 9-3-90(a). Notably, "[p]rior to July 1, 1984, the statute included 'persons imprisoned' in the definition of those who were disabled." Giles v. Garwood, 853 F.2d 876, 878 (11th Cir. 1988). However, the statute was amended in 1984 to exclude prisoners from the list of persons benefitting from the tolling provision. Seibert v. Comm'r, Georgia Dep't of Corr., 680 F. App'x 837, 839 (11th Cir. 2017). Thus, even if Plaintiff were mentally incompetent, he is not entitled to benefit from this tolling provision because he is an imprisoned person. Plaintiff is therefore subject to the two-year limitations period for § 1983 suits.

Accordingly, the Court **OVERRULES** Plaintiff's objections, (doc. no. 10), **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DISMISSES** Plaintiff's complaint for failure to state a claim upon which relief may be granted, and **CLOSES** this civil action.

SO ORDERED this 26th day of November, 2019, at Augusta, Georgia.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA